OPINION
{¶ 1} On February 14, 2002, Defendant was indicted in Case No. 02-CR-488 for possessing crack cocaine, ten or more grams but less than twenty-five grams, in violation of R.C. 2925.11(A). An identical charge was pending against Defendant in Case No. 01-CR-4224. After his motion to suppress evidence was overruled by the trial court, Defendant entered a no contest plea in both cases. The trial court sentenced Defendant to a mandatory prison term of three years in each case, to be served concurrently.
 {¶ 2} Defendant timely appealed to this court from his conviction and sentence in Case No. 02-CR-488. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, stating that he could find no meritorious issue for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now ready for decision.
 FIRST ASSIGNMENT OF ERROR {¶ 3} "Whether The Appellant's Conviction Based Upon His No Contest Plea Pursuant To A Plea Agreement Negotiated Between His Attorney, The State's Attorney And The Court Can Be Vacated, And Whether Appellant's Sentence In Compliance With Ohio's Sentencing Statutes Can Be Vacated Without A Substantial Showing Of A Breach Of Appellant's Constitutional Right To Due Process Under The Fifth AndFourteenth Amendment Of The United States Constitution And Article I Section 10 Of The Ohio State Constitution."
 {¶ 4} Although Defendant's appellate counsel presents this "assignment of error," counsel has failed to identify anything in the record of the trial court's proceedings that might arguably support an appeal or any possible errors or issues for appellate review. Our independent review of the record has likewise failed to disclose any non-frivolous issue or error having arguable merit.
 {¶ 5} On this record Defendant's plea of no contest was knowingly and voluntarily entered, and the trial court fully complied with Crim.R. 11(C) in accepting that plea. The sentence imposed by the trial court was on the low end of the permissible statutory sentencing range, and was ordered to run concurrently with Defendant's other pending case.
 SECOND ASSIGNMENT OF ERROR {¶ 6} "Whether The Appellant Received Ineffective Assistance Of Counsel So As To Induce Him To Enter No Contest Pleas, Cause Him To Be Convicted And Sentenced, Fail To Advocate Effectively For Him And Thereby Violate Appellant's Constitutional Right To Due Process Under The Fifth
And Fourteenth Amendment Of The United States Constitution And Article I Section 10 Of The Ohio State Constitution."
 {¶ 7} Once again, although appellate counsel presents an "assignment of error," counsel has failed to identify any possible errors or issues for appellate review. No act or omission by Defendant's trial counsel has been identified as potential deficient performance, and our own independent review of this record has failed to disclose any deficient performance, much less resulting prejudice. Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 8} Our independent review of the trial court's proceedings has disclosed no errors having arguable merit. Accordingly, this appeal is frivolous and the judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.